# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:04CR62

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| GELACIO ARROYO-BENITEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Letter/Motion for Hearing on Ineffective Assistance of Counsel Claim, filed October 12, 2005 [Document # 22].

On November 16, 2004, Defendant was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute cocaine. Subsequently, on July 18, 2005, pursuant to a Plea Agreement with the Government, Defendant entered a plea of guilty to the charge in the Indictment. This Court sentenced Defendant on October 11, 2005 to 87 months imprisonment. On October 20, 2005, Defendant filed a Notice of Appeal. Judgment was entered on November 8, 2005.

Defendant now files this Motion, which is riddled with allegations regarding his attorney's ineffective assistance.[1] Since this case is currently pending before the United States Court of Appeals for the Fourth Circuit, this Court does not have jurisdiction to review Defendant's Motion alleging ineffective assistance of counsel. If Defendant does not receive the relief sought in his appeal, he may refile his Motion for Ineffective Assistance of Counsel pursuant to 28 U.S.C. § 2255.

---

[1] Defendant's Motion was written in Spanish, but was subsequently translated by a Federally Certified Interpreter so that the Court could clearly understand Defendant's request.

1

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255 to add a one-year limitation period.  In relevant part, § 2255 now provides that "[t]he limitation period shall run from the latest of: (1) <u>the date on which the judgment of conviction becomes final</u> ; (2) the date on which the impediment to make a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that the Court hereby **DENIES**  Defendant's Letter/Motion for Hearing on Ineffective Assistance of Counsel Claim for lack of jurisdiction.

The Clerk is directed to send copies of this Order to Defendant, defense counsel, and the attorney for the United States.

**Signed: December 13, 2005**

Richard L. Voorhees
United States District Judge